UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **EDCV 15-01722-JGB (KKx)**          Date: **January 28, 2016**

Title:  **Debra Smith v. The Home Depot**

### DOCKET ENTRY

PRESENT:

**HON. <u>KENLY KIYA KATO</u>, UNITED STATES MAGISTRATE JUDGE**

| <u>Deb Taylor</u> | <u>    n/a    </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:
   None present                                      None present

**PROCEEDINGS:  (IN CHAMBERS)**

The parties' proposed Stipulation and Protective Order has been referred by the District Judge to the Magistrate Judge for consideration.  The parties are advised that the Court declines to issue the proposed protective order to which they have stipulated for the following reasons:

1. While the Court is willing to enter a protective order in accordance with the parties' stipulation in order to facilitate the conduct of discovery, the Court is unwilling to include in the protective order any provisions relating to evidence presented at trial or other court hearings or proceedings.  **Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge**.  The stipulation should, thus, include language to make this explicit.

2. The stipulation needs to be revised to make clear that the terms of the Protective Order do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

3. The parties shall include a statement of good cause, as required by Fed. R. Civ. P. 26(c).  Such showing should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.: EDCV 15-01722-JGB (KKx) | January 28, 2016 |
| **Debra Smith v. The Home Depot** | Page 2 |

---

      made separate from the parties' stipulation regarding the terms of the proposed protective order.

4. The stipulation needs to be revised to make clear that any motion challenging a party's designation of material as Confidential Information, granting persons access to Confidential Information, or seeking to modify or amend the proposed Protective Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

5. Proposed ¶ 4 needs to be revised to make clear a Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal  is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

6. The Protective Order shall unequivocally state that nothing in the protective order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action.

7. The signature block for the judge in the proposed Order needs to be changed to the signature block for the Magistrate Judge.

///
///
///

      The parties are further directed to the Court's sample stipulated protective

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk <u>dts</u> |
| CIVIL-GEN | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: EDCV 15-01722-JGB (KKx)                          January 28, 2016
     **Debra Smith v. The Home Depot**                                       **Page 3**

---

order located on the Court's website for a sample of the format of an approved stipulated protective order. The parties are strongly encouraged to use the language contained in the approved stipulated protective order.

cc:    Judge Jesus G. Bernal